IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JER'BRELL WESTMORELAND,<br>    Plaintiff, | : | |
| | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 26-CV-2641 |
| | : | |
| STEPHEN GROSH, | : | |
|     Defendant. | : | |

**MEMORANDUM**

**GALLAGHER, J.**                                                    **JUNE 12, 2026**

*Pro Se* Plaintiff Jer'Brell Westmoreland, a pretrial detainee currently in custody at

Lancaster County Prison, brings this civil action pursuant to 42 U.S.C. § 1983 against his

defense attorney, Stephen Grosh.  He also seeks leave to proceed *in forma pauperis*.  For the

following reasons, the Court will grant Westmoreland leave to proceed i*n forma pauperis* and

dismiss his Complaint on statutory screening pursuant to 28 U.S.C. § 1915.

## I.    FACTUAL ALLEGATIONS[1]

Westmoreland is currently awaiting trial in the Lancaster County Court of Common Pleas

on charges of homicide, attempted homicide, and criminal conspiracy.  *See Commonwealth v.*

*Westmoreland*, CP-36-CR-0002424-2023 (C.P. Lancaster).  He asserts that on March 24, 2026,

he met with his court-appointed attorney, Defendant Stephen Grosh, and informed him that he

intended to proceed *pro se* due to their "irreconcilable differences and other issues."  (Compl. at

---

[1] The facts set forth in this Memorandum are taken from Westmoreland's Complaint
(ECF No. 1).  The Court adopts the pagination assigned to the Complaint by the CM/ECF
docketing system.  Additionally, the Court includes facts reflected in publicly available state
court records, of which this Court may take judicial notice.  *See Buck v. Hampton Twp. Sch.*
*Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

7.)  Grosh responded, "you sound stupid Nigger, I'll continue to represent you, you have no options." (*Id*.)  When Westmoreland protested, Grosh continued, "you have no rights, and [Judge] Reinaker [is] not going to let you represent yourself, I'm going to make sure of it." (*Id*.)

On March 26, 2026, Westmoreland and Grosh met again, and Grosh repeated his intention to prevent Westmoreland from proceeding *pro se*, stating that he would engage in "*ex parte* communications" with the judge to "direct and assist in the deprivation of [Westmoreland's] rights" and told Westmoreland "there's nothing [you] can do about it." (*Id*. at 6.)  Westmoreland alleges that Grosh then left their meeting and spoke with the judge as part of a conspiracy to deprive Westmoreland of his Sixth Amendment right to represent himself.  (*Id*.)  At the subsequent *Grazier*[2] hearing, the judge gave Westmoreland little opportunity to explain his request to proceed *pro se* and simply informed him that he would be required to proceed with Grosh as his counsel.  (*Id*.)  The Judge told Westmoreland to file a PCRA petition if he had any concerns.  (*Id*.)  Westmoreland did not have an opportunity to tell the judge about the incident in which Grosh called him a racial slur.  (*Id*.)

As a result of the events alleged, Westmoreland states that he has experienced mental suffering, depression, racing thoughts, painful flashbacks, anxiety, "continued deprivation of freedom," and trauma.  (*Id*. at 8.)  He asserts a Sixth Amendment right to counsel claim and Fourteenth Amendment equal protection and due process claims under the U.S. Constitution.  (*Id*. at 5.)  He also asserts a right to counsel claim under Section I, Article 9 of the Pennsylvania constitution.  (*Id*.)  Westmoreland seeks injunctive relief only, specifically an order directing Defendant Grosh to "immediately refrain from representing [him] as an attorney and not to ever contact [Westmoreland] for any reason whatsoever[.]" (*Id*. at 8.)

---

[2] *Commonwealth v. Grazier*, 570 A.2d 1054 (Pa. 1990).

2

## II.    STANDARD OF REVIEW

The Court will grant Westmoreland leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 560 U.S. 544, 556 (2007)).  At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in Westmoreland's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim.  *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197, 204 (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

Because Westmoreland is proceeding *pro se*, the Court construes his allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  The Court will "apply the relevant legal principle even when the complaint has failed to name it."  *Id.* (quoting *Mala*, 704 F.3d at 245). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim."  *Id.* (quoting *Mala*, 704 F.3d at 245).  An unrepresented litigant "cannot flout procedural rules — they must

---

[3] Because Westmoreland is incarcerated, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

abide by the same rules that apply to all other litigants." *Mala*, 704 F.3d at 245; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at \*3 (3d Cir. Feb. 1, 2024) (*per curiam*) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it be name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

Furthermore, the Court must dismiss the Complaint if it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Grp. Against Smog and Pollution, Inc. v. Shenango, Inc*., 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence.") (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)). "Jurisdictional [issues] . . . may be raised at any time and courts have a duty to consider them *sua sponte*." *Wilkins v. United States*, 598 U.S. 152, 157 (2023) (internal quotations omitted). In assessing the Second Amended Complaint, the Court is mindful of its obligation to liberally construe a *pro se* litigant's pleadings. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.    DISCUSSION

### A.    Federal Claims

Westmoreland asserts constitutional claims against Grosh under the Sixth and Fourteenth Amendments. The vehicle by which federal constitutional claims may be brought in federal

4

court is 42 U.S.C. § 1983.  "Section 1983 provides a civil remedy for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws.'"  *Halsey v. Pfeiffer,* 750 F.3d 273, 290 (3d Cir. 2014) (quoting 42 U.S.C. § 1983); *see also Elmore v. Cleary*, 399 F.3d 279, 281 (3d Cir. 2005) (explaining § 1983 "is not itself a source of substantive rights, but [rather] a method for vindicating federal rights elsewhere conferred." (quoting *Baker v. McCollan,* 443 U.S. 137, 145 n. 3 (1979))).  To state a claim under § 1983, a plaintiff must demonstrate "that the defendants, acting under color of law, violated the plaintiff's federal constitutional or statutory rights, and thereby caused the complained of injury."  *Karns v. Shanahan,* 879 F.3d 504, 520 (3d Cir. 2018) (quoting *Elmore,* 399 F.3d at 281); *see also Halsey,* 750 F.3d at 290 ("To state a claim under section 1983, a plaintiff must demonstrate that 'some person has deprived him of a federal right ... [and] that the person who has deprived him of that right acted under color of state or territorial law.'" (quoting *Gomez v. Toledo,* 446 U.S. 635, 640 (1980))).

An attorney performing the traditional functions of counsel – whether privately retained, court-appointed, or a public defender – is not a state actor for purposes of § 1983.  *See Gannaway v. Stroumbakis*, 842 F. App'x 725, 730 (3d Cir. 2021) (noting that "[a] privately retained attorney clearly does not act under color of state law, and . . . that 'no color of state law attache[s] to the functions of court-appointed counsel.'" (citation omitted)); *see also Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Clark v. Punshon*, 516 F. App'x 97, 99 (3d Cir. 2013) (*per curiam*) (noting that a court-appointed attorney is not a state actor for purposes of § 1983).  "Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as

5

officers of the court." *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999); *see also Webb v. Chapman*, 852 F. App'x 659, 660 (3d Cir. 2021) (*per curiam*) ("[A]ttorneys representing individuals in criminal proceedings generally are not state actors for purposes of § 1983."); *Singh v. Freehold Police Dep't*, No. 21-10451, 2022 WL 1470528, at *2 (D.N.J. May 10, 2022) ("Plaintiff['s] dissatisfaction with the representation provided by Mr. Moschella does not provide a basis for a civil rights claim against him.").

Westmoreland states that Grosh "violated [his] constitutional rights by acting under color of his authority as a Court-appointed attorney operating within and for the Commonwealth." (Compl. at 5.) However, Grosh's status as a court-appointed attorney does not by itself make him a state actor subject to suit under § 1983. *See Angelico*, 184 F.3d at 277. Nor does Westmoreland allege another basis to deem Grosh a state actor. He asserts that Grosh conspired with Judge Reinaker to deny him the right to proceed *pro se* in his own defense. (Compl. at 6.) "A private party 'who corruptly conspire[s]' with a state official will be considered a state actor under § 1983." *Kitko v. Young*, 575 F. App'x 21, 26 (3d Cir. 2014) (*per curiam*) (quoting *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175-76 (3d Cir. 2010)). However, "to properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred." *Great W. Mining & Mineral Co.*, 615 F.3d at 178. "[A] bare assertion of conspiracy will not suffice." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Westmoreland does not assert facts to support his conspiracy claim. He states that, after meeting with Westmoreland, Grosh "walked out [of] the inmate holding cell, [met] with Judge (un-named) party, proceeded to participate in *ex parte* communication conspiring to deprive plaintiff of his Sixth Amendment right to self-representation and to accomplish the threat previously made to plaintiff." (Compl. at 6.) Other than the conclusory assertion that Grosh and

6

the judge "participate[d] in *ex parte* communication to deprive plaintiff of his Sixth Amendment right" there are no factual allegations as to what Grosh and the judge discussed or any facts indicating that the judge shared in Grosh's alleged intention to deprive Westmoreland of his Sixth Amendment rights.  Without more, Westmoreland fails to allege the existence of a conspiracy between Grosh and the judge that would make him a state actor. [4]  *See Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 185 (3d Cir. 2009) (*per curiam*) ("A conspiracy cannot be found from allegations of judicial error, ex parte communications (the manner of occurrence and substance of which are not alleged) or adverse rulings absent specific facts demonstrating an agreement to commit the alleged improper actions."  (quoting *Crabtree v. Muchmore*, 904 F.2d 1475, 1480-81 (10th Cir. 1990))).  Accordingly, his constitutional claims against Grosh are not plausible and will be dismissed.

### B.    State Law Claims

Because the Court has dismissed his federal claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims.  Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

---

[4] Moreover, the only relief Westmoreland seeks in this case, that this Court remove Grosh as his court-appointed counsel, is unavailable pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), which "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding." *Yang v. Tsui*, 416 F.3d 199, 202 (3d Cir. 2005) (discussing *Younger*). *Younger* abstention "is premised on the notion of comity, a principle of deference and 'proper respect' for state governmental functions in our federal system." *Evans v. Court of Common Pleas, Delaware Cnty., Pa.*, 959 F.2d 1227, 1234 (3d Cir. 1992).  Comity concerns are especially heightened when the ongoing state governmental function is a criminal proceeding, as in Westmoreland's case. *Id.*

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Benefit Life Co.*, 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010). It is the plaintiff's burden to establish diversity of citizenship, *see Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, C.A. No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Westmoreland does not allege the citizenship of the parties. Rather, he provides only Pennsylvania addresses for himself and Defendant Grosh, which suggests that both may be Pennsylvania citizens. (Compl. at 2.) Accordingly, Westmoreland has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims he intends to pursue.

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Westmoreland leave to proceed *in forma pauperis* and dismiss his Complaint. His federal claims against Stephn Grosh will be dismissed

with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  His state law claims will be dismissed without prejudice for lack of subject matter jurisdiction.  Westmoreland will not be granted leave to file an amended complaint because to do so would be futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002).  An appropriate Order follows.

**BY THE COURT:**

*/s/ John M. Gallagher*
**JOHN M. GALLAGHER, J.**